ATTORNEY DISCIPLINARY PROCEEDING PER CURIAM | ¶This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael Louis Martin, an attorney licensed to practice law in Louisiana. FORMAL CHARGES The ODC received notice from Regions Bank that respondent’s client trust account was overdrawn on eight occasions during the period of December 4, 2012 through January 18, 2013. Notice of the overdraft was' forwarded to respondent along with instructions to provide the ODC with copies of bank statements, canceled checks, and disbursement sheets, as well as a written explanation of the circumstances relating to the overdraft and any steps that had been taken to resolve the matter. Respondent failed to respond to the ODC’s requests for information. The ODC subpoenaed respondent’s trust account records for the period from June 2012 through August 2013. After reviewing various bank documents from the account, including bank statements and canceled checks, the ODC staff auditor, Traci D. Fontenot, concluded that respondent had converted and commingled client trust funds and had misused his trust account on numerous occasions by writing checks payable to cash and by paying personal bills from the account. |2The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15(a) (safekeeping property of clients or third persons), 1.15(f) (cash withdrawals and checks made payable to “Cash” are prohibited on client trust accounts), and 8.4(a) (violation of the Rules of Professional Conduct). DISCIPLINARY PROCEEDINGS In December 2015, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration. Hearing Committee Report After reviewing the ODC’s deemed admitted submission, the hearing committee found that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as charged. In addition, the committee found a violation of Rule 8.1(c) (failure to cooperate with the ODC in its investigation).[1] |aThe committee cited Standard 4.12 of the ABA’s Standards for Imposing Lawyer Sanctions which provides that suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. The committee also cited Standard 7.2 which provides that suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty as a professional and causes injury or potential injury to a client, the public, or the legal system. In aggravation, the committee found a dishonest or selfish motive and substantial experience in the practice of law (admitted 1984). The committee also noted respondent’s failure to cooperate with the ODC. In mitigation, the committee found the absence of a prior disciplinary record and the imposition of other penalties and sanctions. After considering the aforementioned factors and the collective misconduct, the committee recommended respondent be suspended from the practice of law for three years. The committee also recommended respondent be ordered to account for funds in the trust account during the audit period and pay restitution. The committee further recommended respondent be assessed with the costs and expenses of this proceeding. Neither respondent nor the ODC filed an objection to the hearing committee’s report. DISCUSSION Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57. [4In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La. 1/10/03), 838 So.2d 715. The record in this deemed admitted matter supports a finding that respondent grossly mishandled his client trust account, resulting in the commingling and conversion of client funds. Based on these facts, respondent has violated the Rules of Professional Conduct as charged. Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984). The record further supports a finding that respondent violated a duty owed to his clients. His conduct was grossly negligent and caused potential harm to his clients. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the applicable baseline is suspension. The aggravating and mitigating factors found by the disciplinary board are supported by the record. Because respondent has clearly engaged in misconduct, the sole question presented to the court is the appropriate sanction. As in other conversion cases, Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La. 1986), is instructive in determining the baseline sanction. In Hinrichs, we established the following guidelines: In a typical case of disbarment for violation of DR 9-102 [now Rule 1.15], one or more of the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude or the duration of the deprivation is extensive; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer either fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings. A three year suspension from practice typically results in cases involving similar but less aggravated factors. In such cases the lawyer is guilty of at least a high degree of negligence in causing his client’s funds to be withdrawn or retained in violation of the disciplinary rule. He usually does not .commit other fraudulent acts in connection therewith. The attorney usually benefits from the infraction but, in contrast with disbarment cases, the client may not be greatly harmed or exposed to great risk of harm. The attorney fully reimburses or pays his client the funds due without the necessity of extensive disciplinary or legal proceedings. A suspension from practice of eighteen months or two years will typically result where the facts ‘are appropriate for a three-year suspension, except that there are significant mitigating circumstances; or where the facts are appropriate for a one-year suspension, except that there are significant aggravating circumstances. A suspension from practice of one year or less will typically result where the negligence in withdrawing or retaining client funds is not -gross or of a high degree. No other fraudulent acts are committed' in connection with' the violation of the disciplinary rule. There is no serious harm or threat of harm to the client. Full restitution is made | (¡promptly, usually before any legal proceeding or disciplinary complaint is made. Hinrichs, 486 So.2d at 122-123 (citations omitted). Applying the guidelines of Hinrichs, we note that respondent is guilty of at least a high degree of negligence in mismanaging his trust account. Although the record does not clearly establish the extent of harm to clients, the potential for harm certainly existed. However, no other fraudulent acts were committed in connection with the misconduct. Respondent did not directly benefit from the infraction and he represents that the overdraft was resolved. Under Hinrichs, these factors support a sanction in the range recommended by the board. It is also noteworthy that the ODC has not objected to the board’s recommendation, suggesting that the disciplinary agency is satisfied that a two-year suspension is responsive to the charged misconduct. Under the circumstances, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for two years. DECREE Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Michael Louis Martin, Louisiana Bar Roll number 14171, be and he hereby is suspended from the practice of law for two years. It is further ordered that respondent shall make restitution plus legal interest to Gabriela Bou-langer, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10,1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid. CLARK, J., dissents and assigns reasons. CRICHTON, J., dissents and assigns reasons. . After receiving notice of the overdraft from Regions Bank, the ODC sent a certified letter to respondent seeking a substantive response with documentation. The letter was returned unclaimed. The ODC then sent an e-mail message to respondent. In reply to the e-mail, respondent explained the circumstances leading to tire overdrafts and indicated that he would forward hard copies of his trust account statements. The ODC never received the hard copies and had to issue a subpoena to Regions Bank to obtain the documentation.